UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIAMMA VIJU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2048-B-BH |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Mariamma Viju ("Viju")'s Petition for a Writ of *Coram Nobis* (Doc. 2)[1] wherein Viju seeks to modify the amount of restitution ordered by the Court. For the reasons that follow, the Court **DENIES** the Petition.

I.

BACKGROUND

On November 25, 2014, Petitioner's husband—Viju Mathew ("Mathew")—pursuant to a factual resume, pleaded guilty to one count of Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and Information. Mathew CR Doc. 51, Notice Regarding Entry of a Plea of Guilty. Thereafter, in June 2015, Petitioner Viju was named as a defendant in an indictment alleging that she (1) conspired to commit health care fraud; (2) did, in fact, commit health care fraud; and (3) wrongfully disclosed individually identifiable health information in violation of federal law. CR Doc. 1, Indictment. It is undisputed that Mathew, whose

---

[1] The Court hereafter cites to documents filed in the instant suit as "CV Doc." Documents from Petitioner's underlying criminal case are cited as "CR Doc." *See generally United States v. Viju*, 3:15-CR-240-B-1. "Mathew CR Doc." is used to refer to documents filed in the criminal case of Petitioner's husband, Viju Mathew. *See generally United States v. Mathew*, 3:13-CR-279-B-1.

criminal case was ongoing at that time, was the person identified as Viju's co-conspirator. *See* CV Doc. 2, Pet., 1.

On April 29, 2016, Viju reached a plea agreement with the Government and pleaded guilty to one count of Wrongful Disclosure of Personally Identifiable Health Information. *See* CR Doc. 61, Plea Agreement; CV Doc. 2, Pet., 10–11. The plea agreement provided that Viju would "pay restitution for losses resulting from all of her criminal conduct, . . . not limited to losses stemming from the offense of conviction alone[,]" though it did not set forth a specific amount. *See* CR Doc. 61, Plea Agreement, ¶ 9. The plea agreement also included a provision by which Viju agreed to waive her right to challenge the Court's restitution order once issued. *See id.* ¶ 13.

After accepting Viju's guilty plea, the Court "scheduled her sentencing hearing to run contemporaneously with Mathew's given the overlapping nature of the conduct at issue in the cases and the related objections regarding the restitution amounts." CV Doc. 2, Pet., 2–3. After the sentencing hearing, the Court entered judgment sentencing Viju and Mathew both to prison for thirty months to be followed by a two-year term of supervised release. CR Doc. 116, J.; Mathew CR Doc. 154, J. As for restitution, the Court ordered that Viju and Mathew each pay $277,957.89. CR Doc. 116, J.; Mathew CR Doc. 154, J.

In August 2017, Viju and Mathew each separately appealed the Court's restitution order to the Fifth Circuit. *See* CR Doc. 118, Notice of Appeal; Mathew CR Doc. 156, Notice of Appeal. The Government moved to dismiss Viju's appeal citing the appellate waiver in her plea agreement, and on October 18, 2018, the Fifth Circuit granted the motion without discussion of the merits. *See* CV Doc. 7, Resp., 2; CR Doc. 167, Order of USCA. Mathew's appeal, however, was successful.[2] *See*

---

[2] The Court notes that, unlike Viju, "Mathew pleaded guilty per a factual resume, without a plea agreement." CV Doc. 7, Resp., 3 n.2 (quoting *United States v. Mathew*, 916 F.3d 510, 513 (5th Cir. 2019)).

*United States v. Mathew*, 916 F3d 510, 513 (5th Cir. 2019). Accepting Mathew's arguments in part, the Fifth Circuit vacated his sentence and remanded to this Court for resentencing. *See id.* On resentencing, the Court ordered Mathew to pay $146,504.81 in restitution. Mathew CR Doc. 213, Judgment.

Viju was released from prison and began her period of supervised release on July 8, 2019. CV Doc. 7, Resp., 3. On August 27, 2019, Viju filed the instant action petitioning the Court for a writ of *coram nobis*. CV Doc. 2, Pet. Specifically, Viju asks the Court to amend its judgment to lower her restitution amount to $146,504.81—the same amount as Mathew. The petition is fully briefed and ripe for review.

## II.

## LEGAL STANDARD

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (emphasis added) (quoting *Jiminez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)). The writ is "intended to achieve justice when 'errors "of the most fundamental character"' have occurred in a criminal proceeding." *Mwalumba v. United States*, 2019 WL 3021171, at *2 (N.D. Tex. June 26, 2019) (quoting *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954))).

A writ of *coram nobis* has five essential requirements. First, the petitioner must show that they are not in custody. *See United States v. Singh*, 2020 WL 4192899, at *3 (E.D. Tex. July 20, 2020)

("[I]t is well established that a writ of *coram nobis* is not available to a petitioner who is in custody." citing *Duckett v. Davis*, 800 F. App'x 289, 290 (5th Cir. 2020)), *aff'd*, 836 F. App'x 331 (5th Cir. 2021); *Esogbue*, 357 F.3d at 534. Second, the petitioner must show "a continuing civil disability as a consequence of [their] prior conviction." *Chico v. United States*, 703 F. App'x 292, 293 (5th Cir. 2017) (citing *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994)). Third, the petitioner must have "exercised 'reasonable diligence in seeking prompt relief.'" *Id.* (quoting *Dyer*, 136 F.3d at 427). Fourth, there must be "no other remedy . . . available." *Id.* (citing *Dyer*, 136 F.3d at 427). And Fifth, the petitioner must show that, "unless relief is granted, there will be 'a complete miscarriage of justice.'" *Id.* (quoting *Castro*, 26 F.3d at 559).

### III.

### ANALYSIS

Viju argues that her petition satisfies every requirement of a writ of *coram nobis*. *See* Doc. 2, Pet., 6–7. The Government makes two arguments in response.[3] *See* CV Doc. 7, Resp., 5–7. First, it contends that Viju waived her right to pursue this petition by the terms of her plea agreement. *Id.* at 5–6. And second, it argues that the Court does not have jurisdiction to modify Viju's restitution award under a writ of *coram nobis*. *Id.* at 6. The Court addresses each argument in turn.

A.    *Viju Waived Her Right to Pursue a Writ of Coram Nobis*

"A defendant may, as part of a valid plea agreement, waive h[er] statutory right to appeal h[er] conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and

---

[3] The Government's Response also argues that a petitioner who is out on supervised release is still "in custody" for the purposes of a writ of *coram nobis*. *See* CV Doc. 7, Resp., 4–5. However, the Court recognizes that Viju's scheduled period of supervised release expired since this action was filed. *See id.* at 3. Because the Court finds the petition should be denied on other grounds, and because the Government does not argue that Viju has failed to satisfy any other requirement of a writ of *coram nobis*, *see id.* at 4–7, the Court proceeds under the assumption that Viju has satisfied each element of a writ of *coram nobis*.

voluntary." *Hinkson v. United States*, 2020 WL 8621515, at *2 (E.D. Tex. Nov. 23, 2020) (citing *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994)). Plea agreements are generally "upheld where the record clearly shows the defendant read and understood it and that [s]he raised no question regarding any waiver-of-appeal issue." *Id.* (citing *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994)). Here, Viju's written plea agreement provides as follows:

> **Waiver of right to appeal or otherwise challenge sentence:** The defendant waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the District Court. She further waives her rights to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

CR Doc. 61, Plea Agreement, ¶ 13.

The Government contends that the plea agreement's language waiving "[Viju's] rights to contest the . . . order of restitution . . . in any collateral proceeding" extinguished Viju's right to pursue the instant action. *See* CV Doc. 7, Resp., 5–6. By contrast, Viju argues that the language of the waiver is ambiguous because it expressly waives her rights to challenge the restitution order under 28 U.S.C. § 2241 and 28 U.S.C. § 2255 but does not specifically mention a writ of *coram nobis*. CV Doc. 2, Pet., 8–9. According to Viju, because the waiver is ambiguous, the ambiguity should be construed against the drafting party—the Government. *Id.* at 9 (citing *United States v. Transfiguracion*, 442 F.3d 1222 (9th Cir. 2006)). The Court finds that the waiver provision in the plea agreement was not ambiguous and therefore concludes that Viju has waived her right to pursue this action.

First, Viju's briefing cites no authority for her proposition that the plea agreement's language waiving her right to challenge "in any collateral proceeding" is ambiguous. *See id.* at 8–9. While Viju makes much of the waiver's use of the clause, "including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255," *see* CV Doc. 2, Pet., 9, the word "including" indicates that the list of proceedings is not exhaustive. *See Dall. Indep. Sch. Dist. v. Woody*, 865 F.3d 303, 315 (5th Cir. 2017) ("The use of 'including' indicates to us that this relevant-factor list is not exhaustive."); *Hometown 2006-1 1925 Valley View, LLC v. Prime Income Asset Mgmt., LLC*, 595 F. App'x 306, 311 (5th Cir. 2014) ("[T]he words 'any' and 'including' indicate that the list . . . is illustrative, and not exhaustive."); *United States v. Dominguez-Portillo*, 2018 WL 315759, at *4 (W.D. Tex. Jan. 5, 2018) ("The phrase 'including' . . . suggests this list is not exhaustive."). This is particularly true here, given the categorical language preceding the clause expressing that Viju waived her rights to contest the restitution order "in *any* collateral proceeding." Doc. 61, Plea Agreement ¶ 13 (emphasis added); *see Prime Income Asset Mgmt., LLC*, 595 F. App'x at 311.

 Second, the Court notes that Viju has similarly failed to identify authority holding that waiver provisions in plea agreements must expressly waive every individual avenue for a defendant to challenge their restitution order. Indeed, such an interpretation would frustrate the very purposes of the plea-bargaining process. *See Ehl v. Estelle*, 656 F.2d 166, 171 (5th Cir. Unit A Sept. 1981). As such, the Court declines to narrow the scope of the waiver in such a manner.

Finally, to the extent that Viju argues that this Court could disregard the waiver upon finding a "manifest miscarriage of justice," *see* CV Doc. 2, Pet., 9; CV Doc. 8, Reply, 3–4, the Court declines to do so. To start, the Fifth Circuit has repeatedly "declined to explicitly adopt or reject this exception" to an appellate-rights waiver. *United States v. Burns*, 770 F. App'x 187, 191 (5th Cir.

2019). And in any event, the Fifth Circuit has regularly held that "'[a]n otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise' newly recognized constitutional error 'merely because the waiver was made before' the error was recognized." *Id.* at 190, 191 (alteration in original) (quoting *United States v. Burns*, 433 F.3d 442, 450–51 (5th Cir. 2005)). Accordingly, the Court finds that Viju waived her right to pursue the relief sought in this action. Therefore, the Government's motion to enforce the agreement should be granted.

B.      *The Court Lacks Jurisdiction to Grant the Requested Relief*

        Even if Viju had not waived her right to pursue this action, the Court is unable to grant her the relief she requests. The Mandatory Victim's Restitution Act ("MVRA") provides that "[a] sentence that imposes an order of restitution is a final judgment." 18 U.S.C. § 3664(o). Under the Act, a restitution order may only be modified in a limited set of circumstances. *See id.* § 3664(o)(1)–(2); *United States v. Rooney*, 2014 WL 2864710, at *3 (N.D. Tex. Aug. 6, 2014). Under Fifth Circuit precedent and "the express language of the MVRA, a court can make a downward adjustment to a restitution order only under Rule 35 of the Federal Rules of Criminal Procedure or through a direct appeal pursuant to 18 U.S.C. § 3742.'" *United States v. Singh*, 2020 WL 4192899, at *2; *Singh*, 836 F. App'x at 333 (reciting the district court's quote and commenting that its "conclusion is consistent with our precedents rejecting the possibility of collateral attacks on restitution awards"); *see also United States v. Parker*, 927 F.3d 374, 381 (5th Cir. 2019) ("[W]e have denied numerous attempts to collaterally attack a restitution order. That is because once orders become final on direct review, 'they became res judicata . . ., "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."' quoting *Travelers Indem. Co. v. Bailey*, 557 U.S.

137, 152 (2009)). Therefore, district courts "lack[] jurisdiction to modify a restitution order under § 2255, *a writ of coram nobis*, or 'any other federal law.'" *Campbell v. United States*, 330 F. App'x 482, 483 (5th Cir. 2009) (emphasis added) (quoting *United States v. Hatten*,167 F.3d 884, 886–87 & nn. 3, 6 (5th Cir. 1999); *see Lockhart v. United States*, 2015 WL 11895795, at *2 (N.D. Tex. Sept. 15, 2015); *cf. Singh*, 836 F. App'x at 833 (affirming the district court's denial of a petition for a writ of *coram nobis* under identical circumstances). Consequently, the Court lacks jurisdiction to modify Viju's restitution order through the requested writ of *coram nobis*.

In her Reply, Viju emphasizes that because "the decision which formed the basis for the instant petition" was not issued "until months after [her] direct appeal had been dismissed," she had no ability make her present arguments on appeal. CV Doc. 8, Reply, 5. According to Viju, this Court should, notwithstanding Fifth Circuit precedent, grant her relief on the unique facts of this case because "fundamental understandings of fairness" so dictate. The Court cannot do so.

The parties agree that Viju's plea agreement contained an appellate waiver. *See* CV Doc. 2, Pet., 8; CV Doc. 7, Resp., 5. And as discussed above, the Fifth Circuit dismissed Viju's direct appeal challenging her restitution order—apparently without reaching the merits. *See* CR Doc. 167, Order of USCA. Thus, the timing of Viju's direct appeal is irrelevant. Moreover, the terms of the MVRA make "clear that Congress intended to sharply limit a district court's discretion over restitution." *Singh*, 2020 WL 4192899, at *2 (quoting *United States v. Puentes*, 803 F.3d 597, 599 (11th Cir. 2015)). The fact that Viju bargained away her right to appeal does not confer jurisdiction upon this Court to grant relief where Congress has provided it none.

IV.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Viju's Petition for a Writ of *Coram Nobis*

(Doc. 2).


SO ORDERED.

SIGNED: October 5, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE